FILED

2015 Jul-22  AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| RONALD LEE O'REAR, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | )    Case No. 6:14-cv-00995-SLB |
| | ) |
| CITY OF CARBON HILL, | ) |
| ALABAMA, et al., | ) |
| | ) |
| Defendants | ) |

## **REPORT AND RECOMMENDATION**

The above-entitled civil action has been referred to the undersigned magistrate judge by United States District Sharon Lovelace Blackburn on defendants' Motion to Disqualify Plaintiffs' Counsel.  (Doc. 12).  Defendants, City of Carbon Hill, Alabama (Carbon Hill or City) and Janice Pendley, seek an order disqualifying James Kenneth Guin, Jr., from representing plaintiffs in this action.[1]  Plaintiffs have filed responses (Docs. 13 & 16), but defendants have not filed any reply.

---

[1] While the motion rested on the provisions of Rules 1.7 and 1.9 of the Alabama Rules of Professional Conduct, developments since the filing of the motion have removed Rule 1.7 as a potential basis for disqualification.  Rule 1.7, Ala.R.Prof'l Conduct, provides the general rule about conflicts of interest for an attorney representing concurrent clients.  As explained below, Mr. Guin no longer represents Carbon Hill, Wright or Richardson in any pending litigation.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this action was filed by residents of Carbon Hill, Alabama, in the Circuit Court of Walker County, as a purported class action on behalf of all citizens of Carbon Hill who are adversely affected by the failure of Carbon Hill to redistrict following the 2010 census.  The action was removed to this court on the basis that it alleges violations of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Fifteenth Amendment, and the Voting Rights Act of 1965. It seeks a declaration that Carbon Hill abrogated its duty to redraw City Council district lines prior to the 2012 election.  It also asks that the court afford Carbon Hill a reasonable opportunity to adopt a new redistricting plan for City Council districts and, if Carbon Hill fails to do so, that the court determine the appropriate council district lines.  The complaint further asks the court to order an immediate new election for City Council of Carbon Hill.

The complaint alleges that on or about November 1, 2003, the Carbon Hill City Council adopted Ordinance 2003-05, which repealed Ordinances 2003-04 and 1992-002 regarding the use of single member districts for the Carbon Hill City Council.  Plaintiffs allege, on information and belief, that Ordinance 2003-05 establishing single member city council districts used data from the 2000 decennial census and had a population deviation per district of ±5 percent.  Plaintiffs further allege that Carbon Hill has a duty

to adopt a redistricting plan following the 2010 census, and that such census data was delivered to the State of Alabama on February 24, 2011. Plaintiffs aver that *Ala. Code* § 11-43D-5(1)(b) requires that district boundaries be adjusted following each decennial census, but Carbon Hill has failed to do so.

On August 28, 2012, Carbon Hill conducted municipal council general elections based on council districts adopted after the 2000 census, as set out in Ordinance 2003-05. Carbon Hill also conducted municipal council run-off elections on October 9, 2012, using the districts drawn based on the 2000 census. Plaintiffs allege that the district boundaries set in 2003 are malapportioned, based on the changes in population since the 2000 census and that the use of the 2003 plan in the 2012 municipal elections violated the "one-man, one-vote" standard set out *Reynolds v. Sims*, 377 U.S. 533 (1964), and guaranteed by the Alabama Constitution, Art. IX, § 200.

Mr. Guin represents the plaintiffs in this action. He also has represented the Carbon Hill in *Dillard v. City of Carbon Hill*, Case No. 87-T-1170-N (M.D.Ala.). In that action, the method of election of the Carbon Hill City Council was challenged. Mr. Guin's involvement in *Dillard* was limited to filing a motion to dismiss. Mr. Guin also represented Carbon Hill in drawing a redistricting plan in 2003 and 2004 based on the 2000 decennial census. Mr. Guin represented James Richardson, former Mayor of Carbon Hill, in a civil action which challenged the validity of the election results in the

2012 mayoral race. *Allred v. Richardson*, Case No. CV-2012-900370 (Walker County).

Mr. Guin also represented Billy Wright,[2] formerly a member of the Carbon Hill City

Council, in a case which also challenged the 2012 election results. *Vick v. Wright*, Case

No. CV-20120900371 (Walker County). Finally, Mr. Guin represented James

Richardson in a case in the Walker County Criminal Circuit Court. *State of Alabama*

*v. Richardson*, Case No. CC-2013-000435 (Walker County).[3] Mr. Guin also

represented the former police chief of Carbon Hill in *Colburn v. City of Carbon Hill,*

*et al.*, Case No. 6:14-cv-00879-LSC.

In the supplemental opposition to defendants' motion, Mr. Guin advises that on

October 24, 2014, Mr. Richardson entered into a plea agreement in the criminal case,

thus concluding that action. A condition of the plea agreement was Richardson's

resignation as Mayor of Carbon Hill. Therefore, Richardson no longer serves as Mayor

of Carbon Hill. Further, the *Colburn* case was settled and dismissed with prejudice on

November 3, 2014. (Doc. 16 and exhibits).

Defendants contend that the representation by Mr. Guin of Carbon Hill,

Richardson and Wright in other cases renders his representation of plaintiffs in this

action a conflict of interest. They rely on the asserted similarity of the issues in the

---

[2] Mr. Wright is now deceased.

[3] At the time defendants filed the Motion to Disqualify, the criminal proceeding against Richardson was still pending.

prior cases in which Mr. Guin represented Carbon Hill, Richardson and Wright and the instant case–the validity of the 2012 elections–and contend the matters are substantially related.   Defendants suggest that the actions of Mr. Guin in taking different, and inherently inconsistent, positions in the prior cases as compared with the instant case necessarily results in a materially adverse effect on the interests of defendants.   They also express their concern that information gained by Mr. Guin in his prior representation of Carbon Hill, Richardson and Wright may be used against them in the instant litigation.

## II.  DISCUSSION

### A.  Applicable Law and Rules

As stated by the Eleventh Circuit in a non-binding opinion, motions to disqualify are controlled by two sources of authority, the first being the local rules of the court in which they appear. *Hermann v. GutterGuard, Inc.*, 199 Fed.Appx. 745, 752 (11th Cir. 2006).  The Alabama Rules of Professional Conduct and judicial decisions interpreting those rules, as well as the ABA Model Rules of Professional Conduct when not inconsistent, govern attorneys appearing before the United States District Court for the Northern District of Alabama.  N.D.Ala. LR 83.1(f ).  Second, they are governed by federal common law when applicable because "motions to disqualify are substantive motions affecting the rights of the parties." *Hermann*, 199 Fed.Appx. at 752.

A party is presumptively entitled to the counsel of his choice, and therefore that right may be "overridden only if 'compelling reasons' exist." *In re BellSouthCorp.*, 334 F.3d 941, 961 (11th Cir. 2003). "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Id.* To disqualify an attorney, the Court must "rest [its] disqualification decisions on the violation of specific Rules of Professional Conduct." *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

Rule 1.9 of the Alabama Rules of Professional Conduct provides that a lawyer who has formerly represented a client in a matter shall not:

> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client, unless the former client consents after consultation; or

> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

Ala.R.Prof'l Conduct 1.9.

"The party moving for an attorney's disqualification under . . . Rule 1.9 bears the burden of proving the existence of a conflict of interest." *Ex parte Tiffin*, 879 So.2d 1160, 1164 (Ala. 2003). Rule 1.9 governs a lawyer's responsibility with regard to consecutive clients, that is, "[a]fter termination of a client-lawyer relationship." Rule 1.9, Ala. R. Prof'l Conduct, Comment. "A former client seeking disqualification for a

conflict addressed in Rule 1.9 must demonstrate (1) that it 'had an attorney-client relationship with the attorney the former client seeks to disqualify and [(2)] that the attorney represented the former client in a [(3)] *substantially related matter*.'" *Ex parte Tiffin*, 879 So.2d at 1165, quoting *Ex parte Intergraph Corp.*, 670 So.2d 858, 860 (Ala. 1995) (emphasis added). The party seeking disqualification must satisfy all prongs of this test to be entitled to an irrebuttable presumption that "during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation." *T.C. Theatre Corp. v. Warner Bros. Pictures*, 113 F.Supp. 265, 269 (S.D.N.Y. 1953).

"The substantial relationship test is the keystone of the law on conflicts of interests involving former clients." 1 *Lawyers' Manual on Professional Conduct (ABA/BNA)* 51:221 (2004) (hereinafter "*Lawyers' Manual*"). "[T]he test entails inquiry into the similarity between the factual situations, the legal issues posed, and the nature and extent of the attorney's involvement to see if information from the prior representation is material to the new representation." *Lawyers' Manual* 51:225. As stated in the comments to Rule 1.9 of the Alabama Rules of Professional Conduct:

> The scope of a "matter" . . . may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. On the other hand, a lawyer who recurrently handled a type of problem for a former client is

not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client. . . .  The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.

Rule 1.9, Ala. R.Prof'l Conduct, Comments.  *See also Ex parte State Farm Mut. Auto. Ins. Co.*, 469 So.2d 574, 575-76 (Ala. 1985), quoting *Ex parte Taylor Coal Co.*,  401 So.2d 1, 9 (Ala. 1981) (noting small number of attorneys in county and need to balance professional conduct rules against "the need of the public to obtain counsel of its choosing.").

### 1.    Attorney-Client Relationship

Carbon Hill and Pendley must satisfy the first and second factors of a Rule 1.9 inquiry:  that they had an attorney-client relationship with Mr. Guin and that Mr. Guin represented Carbon Hill or Pendley.  Mr. Guin has never represented Janice Pendley in any litigation.  Therefore, she has no standing to seek his disqualification.

Mr. Guin represented Mr. Richardson and Mr. Wright, individually, in the *Allred* and *Vick* cases and Mr. Richardson in the criminal matter; Carbon Hill was not a party to any of those actions.[4]  Mr. Richardson has not contested Mr. Guin's representation

---

[4] To the extent that Carbon Hill could be considered the *de facto* client of Mr. Guin in the *Allred* and *Vick* cases, whether those cases were "substantially related" to the instant litigation is addressed below.

of the plaintiffs in this action.  Mr. Wright is deceased.  However, Mr. Guin has represented Carbon Hill, in the *Dillard* case.  Therefore, Carbon Hill satisfies the first and second prongs of the inquiry.

## 2. Substantial Relationship

A closer review of the issues presented in *Dillard*, *Allred* and *Vick*, as well as Mr. Guin's representation of Carbon Hill for the 2003-2004 redistricting, shows that defendants' motion fails the "substantial relationship" test.

### a. *Dillard* and the 2003-2004 Redistricting

The issue in *Dillard* was the method of election of the Carbon Hill City Council. Mr. Guin did not initially represent Carbon Hill in that case.  In 2003, Mr. Guin became aware that Carbon Hill had been given three options in a letter to its former counsel, to be decided before the 2004 municipal election: limited plurality voting, which had been the method for several years; plurality voting wherein each person would receive seven votes and could cast them all for one candidate or spread them out among multiple candidates; or drawing single member districts.  Carbon Hill opted for single member districts, and Mr. Guin was asked to assist.  (Doc. 13-1, Guin Decl.).  Therefore, he prepared a plan for six single member districts based upon the 2000 decennial census. The plan was adopted by Ordinance 2003-05 on November 1, 2003.  The ordinance was attached to a motion to dismiss Carbon Hill in the *Dillard* case. Mr. Guin states he was

not involved in negotiation for the size of the districts, for the method of elections, or for any other aspect of the *Dillard* litigation apart from filing a motion to dismiss. (*Id.*).

The court finds that Mr. Guin's involvement ten years ago in preparing a plan for six single member districts based on 2000 decennial census information, and filing a motion to dismiss in *Dillard*, is not substantially related to the issues in the instant litigation.  The case at bar challenges the City Council elections on the basis that Carbon Hill should have redrawn the districts in light of population changes reflected in the 2010 decennial census.  While his knowledge about the districts drawn based on the 2000 census may be helpful to him in this case, any need to redraw the districts in light of the 2010 census presents a different set of facts and circumstances.  It is a "wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client," and Mr. Guin was not so involved in the 2003-2004 district plan, based on the 2000 census, that his representation of plaintiffs in this action for a redrawing of district lines based on the 2010 census "can be justly regarded as a changing of sides in the matter in question."  Rule 1.9, Ala. R.Prof'l Conduct, Comments.

      **b.  *Allred* and *Vick***

Case 6:14-cv-00995-SLB-HGD   Document 20   Filed 07/22/15   Page 11 of 14

Mr. Guin represented Mr. Richardson in *Allred*, which involved a challenge to the 2012 mayoral election. Mr. Guin also represented Mr. Wright in a challenge to the 2012 city council election (*Vick*). At issue in both cases was the counting of absentee and provisional ballots. (Doc. 13-1, Guin Decl.). *Vick* also involved a claim that Mr. Wright's opponent violated the Fair Campaign Promises Act by failing to timely file campaign finance disclosures. Carbon Hill was not a party to either action. Both cases ultimately were dismissed by the plaintiffs. (*Id.*).

While at first blush, the matters might appear substantially related because municipal elections were at issue, the facts and circumstances differ too greatly. The mayor of Carbon Hill is elected at large, rather than by district. The issue in *Allred* was that felons were impermissibly allowed to vote in the 2012 election, while the issue in the instant action is the validity of the districts used in the 2012 elections in light of the 2010 decennial census. Another issue in *Vick* and *Allred* was whether certain absentee ballots should have been counted. Again, there was no challenge to the districts or method of election.

Carbon Hill was not a party in either the *Allred* or *Vick* cases. There is no conflict in the stance of Mr. Guin in the *Allred* case with the City's position in the instant case because Mr. Richardson was elected at large and the drawing of districts was simply not at issue in the *Allred* case. The circumstances of each case differ

considerably from the case at bar, such that the court cannot find they are "substantially related." As for defendants' argument that Mr. Guin should be disqualified because he may wind up making legal arguments on behalf of plaintiffs that are contrary to legal positions he previously took on behalf of Carbon Hill, Richardson or Wright in the prior cases, there is nothing improper about a lawyer arguing opposite positions for different parties in different cases: "indeed, it is more or less inherent in an adversarial system of justice." *Rico Records Distributors, Inc. v. Ithier*, 2005 WL 2174006 *2 (S.D.N.Y. Sept. 8, 2005).

### c. *State v. Richardson*

On September 20, 2013, James Richardson was charged with four counts of first degree sexual abuse, four counts of custodial sexual misconduct, two counts of harassment and one count of soliciting prostitution. As noted above, he entered a guilty plea on October 24, 2014, to counts or reduced/amended counts of harassment and second degree sexual abuse. The charges and convictions are in no way related to redistricting, and Mr. Guin's representation of Richardson in the criminal case cannot serve as a basis for disqualification.

### III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based on the foregoing, it is RECOMMENDED that defendant's Motion for Disqualification be DENIED.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the complaint also must be included.** Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (*en banc*), *overruled by Douglass v. United Service Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute* Federal Magistrates Act, Pub.L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009); *see Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may

accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE and ORDERED this 22nd day of July, 2015.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE